# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Joseph F. Sherby, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2:09-cv-1061-PMD |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner, | ) | **ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). Defendant contests the awarding of such fees, claiming that the Government's position in this case was substantially justified. For the foregoing reasons, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff applied for disability insurance benefits ("DIB") on January 19, 2006, alleging that he became unable to work on September 23, 2003, due to a work-related back injury, which ultimately required spinal fusion surgery. The Social Security Administration denied Plaintiff's claim for disability on April 25, 2006, and upon reconsideration on July 25, 2006. (R. 64, 73.) Plaintiff then received a hearing before an administrative law judge ("ALJ"), and on June 26, 2008, the ALJ found that Plaintiff was disabled from the severe impairment of degenerative disc disease of the lumbar spine between September 23, 2003 and July 5, 2006. The ALJ also found, however, that Plaintiff was no longer disabled as of July 6, 2006, because, by that date, Plaintiff's medical condition had improved so that he could perform a full range of light work.

1

(R. 26–29.) On April 3, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff then filed suit in this court seeking a review of the Commissioner's decision. In his R&R, the Magistrate Judge ultimately determined that the Commissioner's final decision needed to be reversed and remanded because the ALJ erred by relying solely on the medical-vocational guidelines to complete his step five sequential evaluation. Because the ALJ found that Plaintiff suffered from a nonexertional limitation, in that his pain would cause concentration deficits, the Magistrate Judge found that the ALJ should have obtained testimony from a vocational expert as to whether or not Plaintiff could perform a significant number of jobs in the national economy rather than rely solely on the grids to make that determination. (R&R at 12–14.) On July 14, 2010, the court remanded the case for the ALJ to obtain testimony from a vocational expert.

## STANDARD OF REVIEW

A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the Government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir. 1991). This case turns entirely on the "substantial justification" question.

The Government bears the burden of proving that its position was substantially justified. *See Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). In order to meet its burden of showing that its position before the District Court was "substantially justified," the Government must establish that its case has a reasonable basis in law and in fact, that is, justified to a degree that could satisfy a reasonable person. *Id.* (holding that the Government's position must be

substantially justified in both fact and law; favorable facts will not rescue the Government from a substantially unjustified position on the law, and accurate recital of law cannot excuse a substantially unjustified position on the facts).

To be substantially justified means more than merely undeserving of sanctions for frivolousness. *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, a position can be justified even though it is not correct and can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Id.* at 566 n.2. The Court also notes that "it would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified." *Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991).

The Government's burden of showing substantial justification is a strong one and is not met merely because the Government produces "some evidence" in support of its position. *Petrella v. Sec. of Health and Human Servs.*, 654 F. Supp. 174, 177 (M.D. Pa. 1987). The Government's position must be evaluated in light of the standards in existence when the decision was rendered. *Id.* Where the Government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D. Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the Government's position was frivolous. *Sierra Club v. Sec. of Army*, 820 F.2d 513, 518 (1st Cir. 1987).

**ANALYSIS**

Defendant objects to Plaintiff's request for attorney's fees for his attorney, Robertson H. Wendt, Jr.. Defendant contends that Plaintiff should not be compensated for the time spent by Mr. Wendt because the Government's position in this case was substantially justified. For the following reasons, the Court denies Plaintiff's motion and finds that the Government has met the burden of proving that its position was substantially justified.

The EAJA provides a mechanism for a plaintiff to recover her attorney's fees when the plaintiff prevails in a lawsuit against the United States Government. 28 U.S.C. § 2412(d)(1)(A). The statute specifically provides that the Court shall award these costs if: (1) the Plaintiff is a "prevailing party"; (2) the Government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the Plaintiff timely files a petition supported by an itemized statement. *Id*. The sole issue in this motion for attorney's fees is whether the Government's position was substantially justified.

For the government's position to satisfy the requirement that it was substantially justified, the position must be must be substantially justified in both fact and law. *Thompson*, at 281 (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991)).

In this case, Plaintiff successfully argued that the ALJ needed to obtain testimony from a vocational expert as to whether or not Plaintiff's nonexertional impairment would prevent him from performing a significant number of jobs in the national economy. In ruling in Plaintiff's favor, the court found this case was controlled by the rule that "when a Plaintiff suffers from both exertional and nonexertional limitations, the grid tables are not conclusive but may only

4

serve as guidelines." *Walker v. Bowen* 889 F. 2d 47, 49 (4th Cir. 1989) (citing *Wilson v. Heckler*, 743 F.2d 218 (4th Cir. 1984)).

The parties disagreed as to whether testimony from a vocational expert was necessary under the circumstances. The parties took contrary legal positions as to the necessity of vocational expert testimony under the facts. Therefore, in order to determine whether Plaintiff is entitled to attorney's fees, the court must decide whether the government's legal position was substantially justified.

In opposing Plaintiff's argument the Government asserted that a vocational expert was not necessary. They relied on *Smalls v. Comm'r of Soc. Sec*, No. 08-cv-211, 2009 U.S. Dist. LEXIS 19830 (D.S.C. Mar. 12, 2009). In *Smalls*, the court adopted a magistrate's R&R that found that reliance on solely the grids was acceptable when a Plaintiff's "nonexertional impairments do not result in sufficiently serious functional limitations that restrict [the Plaintiff's] ability to perform work of which he is exertionally capable." *Id.*

The government also cited *Smith v. Schweiker*, 719 F.2d 723 (4th Cir. 1984). *Smith* involved a similar situation; a Plaintiff with an exertional disability accompanied by a nonexertional malady. In that case, the court found that reliance on the grid without the testimony of a vocational expert was permissible. *Id.* The court found that because there was "substantial evidence to support the finding that Smith's nonexertional maladies did not significantly affect his ability to perform work of which he was exertionally capable," straightforward application of the grids was appropriate. *Id*, at 724. According to the court in that case, ". . . reliance on the grids is precluded where the Plaintiff suffers from a 'nonexertional

impairment,' not every malady of a 'nonexertional' nature rises to the level of a 'nonexertional' impairment.'" *Id*. 725.

In this case, the government was unsuccessful in arguing that Plaintiff's nonexertional malady did not rise to the level of a nonexertional impairment. Therefore, the court determined that the facts of this case required the use of a vocational expert. While the government was unsuccessful in its argument, it was substantially justified in the position it took. According to *Pierce*, at 566 n.2 (1988), a position can be justified even though it is not correct and can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. In this case the government's position that the ALJ did not err in relying solely on the grids had a reasonable basis in both law and fact. Therefore, Plaintiff is not entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion for Attorney's fees is denied. **AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**October 5, 2010**
**Charleston, SC**